**STEPTOE LLP**
Jeffrey Reisner (SBN 143715)
*jreisner@steptoe.com*
Thomas B. Watson (SBN 181546)
*twatson@steptoe.com*
Robert W. Mockler (SBN 200200)
*rmockler@steptoe.com*
Kerri A. Lyman (SBN 241615)
*klyman@steptoe.com*
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9452
Facsimile:  (213) 439-9599

Attorneys for Plaintiff Los Angeles Apparel, Inc.

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| DOV ARIEH CHARNEY, | Case No. 2:22-bk-11335-VZ |
| Debtor and Debtor-in-Possession. | Adv. Case No. |
| | **COMPLAINT FOR AVOIDANCE OF LIENS AND DISALLOWANCE OF CLAIMS** |
| LOS ANGELES APPAREL, INC. | |
| Plaintiff, | |
| v. | |
| KEITH A. FINK, | |
| Defendant. | |

Plaintiff Los Angeles Apparel, Inc. ("LAA"), as assignee of the Chapter 7 Trustee (as defined below) and Standard General (as defined below), sues Keith A. Fink d/b/a Keith A. Fink & Associates, Fink & Steinberg ("Fink") and alleges as follows:

### JURISDICTION AND CASE BACKGROUND

1.    This Court has jurisdiction over this adversary proceeding pursuant to § 28 U.S.C. §§ 157 and 1334.  This action is commenced pursuant to 11 U.S.C. § 544 and other applicable

1
ADVERSARY COMPLAINT

law.

2. This action arises in a case under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") entitled *In re Dov Arieh Charney* ("Charney"), which has been assigned number 2:22-bk-11335-VZ and is pending in the United States Bankruptcy Court, Central District of California, Los Angeles Division (the "Bankruptcy Case").

3. On or about March 10, 2022 (the "Petition Date"), the Debtor commenced the Bankruptcy Case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. By an order entered on or about December 12, 2022 (the "Conversion Date"), the Bankruptcy Court converted the Bankruptcy Case to one under Chapter 7 of the Bankruptcy Code and directed the United States Trustee to appoint a Chapter 7 trustee.

5. On or about December 19, 2022, Brad D. Krasnoff accepted appointment as the Chapter 7 trustee for the Debtor's bankruptcy estate and continues to serve in that capacity for the benefit of creditors (the "Chapter 7 Trustee").

6. On or around March 30, 2023, Standard General L.P., Standard General Master Fund L.P., and P Standard General Ltd. (collectively, "Standard General") assigned all of its judgments and rights against the Debtor and the bankruptcy estate to LAA (the "SG Assignment Agreement"), including but not limited to (1) Proofs of Claim 9 and 10 (the "SG Proofs of Claim"); and (2) Standard General's rights under the *Settlement and Carve-Out Agreement* dated February 14, 2023 entered into between Standard General and the Chapter 7 Trustee, and approved by Order dated March 22, 2023 (Dkt. # 243). LAA filed notices of transfer relating to the SG Proofs of Claim on April 2, 2023.

7. Pursuant to a Settlement Agreement entered into by the Trustee, on the one hand and Charney and LAA on the other hand, which was approved by the Bankruptcy Court on December 12, 2023 (the "Trustee Settlement Agreement"), the Trustee, at paragraph 4 of the Settlement Agreement, assigned to Charney/LAA all of his right title and interest in and to the claims that the Trustee or the Estate may have against third party lienholders. Those claims include the right to seek the relief herein.

8. In an abundance of caution, given the complicated fact pattern underlying this action, LAA has simultaneously filed complaints before the Bankruptcy Court and the California State Court. These complaint seek relief related to certain liens purportedly held by Fink, on various grounds based on both bankruptcy and state law.

### THE PARTIES

9. LAA brings this action as the assignee of the rights of the Chapter 7 Trustee to avoid the purported liens in favor of Fink on the Properties (as defined below).

10. LAA further brings this action as the assignee of Standard General, a junior lienholder, to avoid the purported lines in favor of Fink with respect to the Apex Property (as defined below).

11. Plaintiff LAA is headquartered in Los Angeles County, California.

12. Defendant Fink is a resident of Los Angeles County, California.

### GENERAL ALLEGATIONS

13. By an individual grant deed recorded in Los Angeles County on July 13, 2006, as instrument no. 06 1543847, the Debtor became the owner of that certain real property located at 1809 Apex Avenue, Los Angeles, CA 90026 (the "Apex Property"). Since that date the Debtor has held fee title to the Apex Property, subject to the rights of the Chapter 7 Trustee pursuant to the provisions of chapter 7 of the Bankruptcy Code.

14. Pursuant to a *Short Form Deed of Trust and Assignment of Rents* recorded against the Apex Property on January 11, 2016, Fink purports to have a lien against the Apex Property (the "First Fink TD").

15. By a *Deed of Trust and Assignment of Rent* recorded against the Apex Property on March 1, 2016, Fink purports to have an additional lien on the Apex Property (the "Second Fink TD").

16. By a deed of trust and assignment of rents dated March 22, 2016 and recorded in the public records of Los Angeles County, California on March 29, 2016 as instrument no. 20160342558 Fink Purports to have a lien on a second home owned by Charney (the "Douglas Street Fink Trust Deed" and, collectively with the First Fink TD and the Second Fink TD, the

"Trust Deeds") located at 1349 Douglas Street Los Angeles, CA (the "Douglas Property" and, collectively with the Apex Property, the "Properties").

17. With regard to both the preparation and recordation of the Trust Deeds, LAA is informed and believes that Fink never told the Debtor that he should seek advice from an independent attorney before encumbering his primary residence with trust deeds in favor of Fink.

18. LAA is informed and believes that this was the case even though at the time of the preparation and the recordation of the Trust Deeds, Fink was counsel representing Charney in numerous lawsuits and was relied upon by Charney as his primary legal counsel.

19. At the time of the preparation and recordation of the Trust Deeds, LAA is informed and believes that Fink advised the Debtor that he should seek the advice of that same attorney, Jeffrey Helfer, even though Mr. Helfer was simultaneously representing Fink with that same matter.

20. LAA is informed and believes that all of the actions taken by the Debtor with respect to the Trust Deeds were taken on the advice and counsel of both Fink and Helfer.

21. LAA is informed and believes that the Debtor was either insolvent or made insolvent as a result of the issuance of the Trust Deeds.

22. Subsequently, Standard General commenced litigation against the Debtor attacking the validity of the Trust Deeds. On advice of an attorney in Fink's firm representing the Debtor at the deposition (and in spite of the obvious conflicts of interest created by such representation), the attorney from Fink's firm instructed the Debtor not to answer questions about conversations the Debtor may have had with Fink and/or Helfer based on the attorney client privilege.

23. LAA is informed and believes that Fink's law firm never gave to the Debtor any timesheets or detailed invoices showing hours charged for any services allegedly rendered for Charney.

24. The first Fink TD states that it is for the purpose of securing "Performance of each of the items and conditions of Trustor incorporated by reference or contained herein or relating to the Executory Contract dated February 10, 2015."

25. LAA is informed and believes that there is no executory contract dated February 10, 2015 between the Debtor and Fink.

26. The First Fink TD also does not refer to any financial obligation the payment of which it purported secures.

## CLAIMS FOR RELIEF

### Cause of Action 1

(Avoidance of the First Fink TD)

27. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 27, inclusive, as though fully set forth herein.

28. Based upon the allegations set forth in this complaint, the First Fink TD is based upon a contract that does not exist.

29. Because no contract existed and the First Fink TD purportedly secured the performance of this non-existent contract, the First Fink TD should be invalidated as void.

### Cause of Action 2

(Constructive Fraudulent Transfer)

30. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 29, inclusive, as though fully set forth herein.

31. Because there are no written timesheets describing the services allegedly provided to the Debtor by Fink and the Fink firm was paid in full for the services it did provide, Fink did not provide any value or did not provide reasonably equivalent value for the Trust Deeds.

32. The Trust Deeds should therefore be invalidated as a fraudulent transfer of estate property.

### Cause of Action 3

(Actual Fraudulent Transfer)

33. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 32, inclusive, as though fully set forth herein.

34. Based upon the allegations in this complaint, LAA is informed and believes that Fink advised the Debtor with regard to the preparation and recordation of the Trust Deeds in an

effort to hinder, delay or defraud the Debtor's creditors, including without limitation Standard General.

35. The Trust Deeds should therefore be invalidated as a fraudulent transfer of estate property.

## Cause of Action 4

(Declaratory Relief)

36. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 35, inclusive, as though fully set forth herein.

37. LAA is informed and believes that, at the time the Trust Deeds were executed and recorded, the Debtor was a client of Fink. LAA is further informed and believes that the Debtor was not represented by independent counsel in connection with the Trust Deeds, and that Fink failed to inform the Debtor of the need to obtain independent counsel.

38. LAA seeks a determination that the Trust Deeds are not enforceable because they were obtained through Fink's negligence and breach of fiduciary duty and through conduct contrary to public policy and ethical obligations.

## Cause of Action 5

(Slander of Title)

39. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 38, inclusive, as though fully set forth herein.

40. LAA, as assignee of the SG Proofs of Claim, is a junior lienholder with respect to the Apex Property that may be out of the money due, in part, to the purported validity of the Trust Deeds filed by Fink. Fink has continued to assert that the Trust Deeds are valid liens, including filing a proof of claim in the Bankruptcy Case that purports to hold a lien senior to Standard General, causing significant harm to Standard General and other creditors.

41. Fink's statements cast doubt as to LAA's interest in the Apex Property.

42. Fink's statements about the validity of the First Fink TD and the Second Fink TD were untrue and/or Fink acted with reckless disregard of the truth or falsity of such statements.

43. Fink recognized that others might act in reliance on the statements about the First

Fink TD and Second Fink TD.

44. LAA suffered direct financial harm, including by incurring legal expenses to remove the doubt cast by Fink's statements about the First Fink TD and Second Fink TD.

45. Fink's conduct was a substantial factor in causing LAA's harm.

### Cause of Action 7

(Disallowance of Fink's Proof of Claim)

46. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 45, inclusive, as though fully set forth herein.

47. Based on the foregoing, the Proof of Claim filed by Fink in the Bankruptcy Case is not supported by any valid debt and should be disallowed.

**WHEREFORE,** LAA prays for judgment against Fink as follows:

1. For judgment avoiding the Trust Deeds and striking them from the public records with respect to the Properties;

2. For an order disallowing Proof of Claim No. 18;

3. For attorneys' fees and costs of this action as available by law; and

4. For such other relief as the Court deems just and proper.

DATED: March 8, 2024                    STEPTOE LLP

By:  /s/ Jeffrey M. Reisner
Jeffrey M. Reisner, Attorneys for Plaintiff Los Angeles Apparel, Inc.